**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **MOISES LOPEZ** | ) | |
| | ) | |
| **v.** | ) | **3-08-CV-805-K** |
| | ) | **(3-05-CR-30-K)** |
| **UNITED STATES OF AMERICA** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

**Type Case**: This is a motion for habeas corpus relief filed by a Federal prisoner pursuant to 28 U.S.C. § 2255.

**Statement of the Case**: On October 6, 2005, Movant appeared with his attorney before United States Magistrate Judge Paul Stickney for re-arraignment and entered a plea of guilty to Count 3 of the indictment in No. 3-05-CR-30-K. On the same date Judge Stickney filed his recommendation finding that the guilty plea was knowingly and voluntarily entered and in conformity with Rule 11, Federal Rules of Criminal Procedure, and accordingly recommended that the District Court accept Lopez's plea of guilty. On October 31, 2005, the District Court found that the magistrate judge's recommendation was correct and therefore accepted Movant's plea of guilty.

On April 6, 2006, Lopez appeared with his counsel in the District Court for sentencing, at the conclusion of which he was sentenced to a term of 292 months in the custody of the Bureau of Prisons, followed by a five-year term of supervised release. On the government's motion Count 1 of the indictment was dismissed.

Lopez effected a direct appeal. After his retained trial attorney was granted leave to withdraw, he retained new counsel on appeal. On February 14, 2007, his conviction was affirmed in an unpublished opinion by the Fifth Circuit. His petition for writ of certiorari in the United States Supreme Court was denied on June 25, 2007. He filed his § 2255 motion in the District Court on May 9, 2008. The government filed a response and appendix on July 16, 2008.

**Findings and Conclusions**: Lopez seeks to have his conviction and sentence set aside based upon his claim that his guilty plea was involuntary and his claim that he received ineffective assistance of counsel

It is well settled that a guilty plea must be knowingly and understandingly entered. To be knowing and intelligent, a defendant must have "a full understanding of what the plea connotes and its consequences." *See Boykin v. Alabama*, 395 U.S. 238, 244, 89 S.Ct. 1709 (1969); *see also Brady v. United States,* 397 U.S. 742, 747-48, 90 S.Ct. 1463 (1970).

Lopez alleges numerous facts and circumstances which he claims undermine the voluntary and understanding character of his guilty plea. *See* motion at Part C, pages 8-19. He includes with his motion his affidavit executed on January 16, 2008, and affidavits executed by his common-law wife, Leticia Hernandez, and by Ms. Hernandez's mother, Teresa Domiguez. *See* Exhibits F, G and H.

In addressing a claim the court must review not only the motion, but also the government's answer and the transcripts and records of prior proceedings to determine whether an evidentiary hearing is warranted. *See* Rule 8(a), Rules Governing § 2255 Proceedings.

It has long been established in this Circuit that "[o]rdinarily a defendant will not be heard to refute his testimony given under oath when pleading guilty." *United States v. Fuller,* 769 F.2d

1095, 1099 (5th Cir. 1985) and *United States v. Patterson*, 739 F.2d 191, 195 (5th Cir. 1984).

Lopez's statements under oath at his re-arraignment on October 6, 2005, are - in the main - directly contrary to the claims made in his motion and in his accompanying affidavit. In his affidavit he claimed that he persistently told his retained attorney that he wanted a trial. *See* Exhibit F at ¶¶ 11, 12 and 17, but that his attorney pressured him to plead guilty and repeatedly told him that the most time he could receive was 5 to 7 years. *Id.* at ¶¶ 15, 17 and 20. He also claims that there was a language barrier between himself and his attorney as a result of which he didn't understand the plea agreement or the factual resume which he signed prior to his re-arraignment. *Id.* at ¶¶ 9, 18 and 19. He claims that his attorney told him to lie under oath at his re-arraignment. ¶ 21. His affidavit implies that his attorney's representation as to the length of sentence was based upon the attorney's close friendship with the judge.

The official transcript of Lopez's re-arraignment reflects that after being placed under oath, Judge Stickney admonished him on various matters required by Rule 11, and personally questioned him. First the court swore in Movant and Mike Mahler, the interpreter. *See* Re-arraignment Transcript, October 6, 2005, at 3. The judge then informed him of the matters listed in Rule 11(b)(1)(A)-(N) and Lopez responded that he understood the explanations. *Id.* at 6-7. In response to the court's explanation of the advisory character of the Sentencing Guidelines Movant again responded in the affirmative. *Id.* 7-8. The court then asked questions to satisfy himself that Lopez was mentally fit to enter a plea. *Id.* 9-10.

After Lopez reiterated his consent to proceed before the magistrate judge, he was formally arraigned on Count 3 of the indictment after Movant advised that it had been read to him in Spanish and he waived the right to have it read aloud on the record. Judge Stickney then had the Assistant

United States Attorney state the elements of the offense and obtained Lopez's answer that he understood the elements of the offense and admitted to committing the same. Lopez admitted he has signed the written plea agreement and that he signed it voluntarily. He denied that anyone had made any assurance or promise to him other than as recited in the plea agreement. The judge concluded by advising Movant of the maximum punishment which could be imposed and the possible adverse consequences of his guilty plea were he to seek United States citizenship. Lopez then formally entered his plea of guilty and agreed that he had signed the factual resume because the facts stated were correct. *Id.* at 11-18.

In an effort to overcome the written representations contained in the plea agreement which Movant and his counsel signed on September 13, 2005, and his statements made to Judge Stickney under oath, Lopez has included the affidavits of his common-law wife and her mother. While the affidavit of a reliable third party corroborating a habeas petitioner's affidavit which refutes his prior testimony under oath may entitle the petitioner to an evidentiary hearing, *See e.g. United States v. Sanderson,* 595 F.2d 1021 (5th Cir. 1979), it is clear that neither statement consists of competent, reliable evidence which undermines the veracity of Movant's sworn testimony at his re-arraignment.

Ms. Hernandez's affidavit reflects self-serving statements of Lopez as to what transpired between himself and his attorney and as such is inadmissible hearsay. *See* Exhibit G at ¶¶ 9-12. Similarly there is nothing in Ms. Dominguez's affidavit which shows that she was present when Mr. Merren was meeting with Movant. Rather, it merely states what Lopez told her about his conversations with his attorney. Exhibit H at ¶¶ 6-11.

Because Lopez has failed to present the court with competent reliable evidence which refutes his prior testimony under oath at his re-arraignment, to wit: that he knowingly gave false answers

4

to the presiding judge, his claim that his guilty plea was not knowingly and understandingly entered is without merit.[1]

In his second ground for relief Movant contends that he was denied the effective assistance of counsel by his retained trial attorney. Again he relies on statements in his habeas affidavit which directly contradict his sworn statements made to the court at his re-arraignment. For the reasons stated above he has failed to discharge the heavy burden imposed to refute his prior statements made under oath. Specifically, his claims that his plea of guilty was induced or coerced by Merren's promises of a lenient statement due to his special relationship with the District Judge, that counsel told him to make false statements and that counsel never reviewed the contents of the plea agreement and the factual resume with him are contradicted by his re-arraignment testimony and are not supported by reliable, independent third party statements.

In the context of a guilty plea in which a habeas applicant claims ineffective assistance of counsel, it must be established that but for the errors of the attorney, the defendant would have not pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart,* 474 U.S. 52, 59 (1985). Lopez claims that his attorney failed to investigate the charges against him based on the fact that counsel never showed him any video or audio tapes or provided detailed information with respect to the strength of the government's case.

Merren relates in his affidavit what his independent investigation disclosed with respect to

---

[1] I note that the affidavit of Luis Merren, Jr. filed as an appendix to the government's answer categorically denies the statements and actions which Lopez attributed to him in his motion and affidavit. However, because affidavits cannot be used to decide issues of fact in a §2255 motion, *See e.g. United States v. Hughes,* 635 F.2d 449, 451 (5th Cir. 1981) and *Buffalo v. Sunn,* 854 F.2d 1158, 1165 (9th Cir. 1988), the magistrate judge has disregarded Mr. Merren's affidavit entirely, except as it describes his investigative efforts.

the government's case. *See* Government's Appendix at Part VI at 04-05. The evidence which the government was prepared to present at trial corroborates what Merren's own investigation revealed. *See* Record of Appeal, Government's Exhibit List and Witness List at 54-77. However, pertinent to the "prejudice" issue is the fact that Lopez neither identifies favorable evidence which a more thorough investigation would have discovered nor does he assert that he would have chosen to plead not guilty to Counts 1 and 3 of the indictment and demanded a trial. *See Craker v. McCotter*, 805 F.2d 538, 542 (5th Cir. 1986).

A defendant is also entitled to effective assistance of counsel at the sentencing stage. *See e.g. Glover v. United States,* 531 U.S. 198, 203 (2001) and *United States v. Franks,* 230 F.3d 811, 815 (5th Cir. 2000). To prove prejudice a defendant must show that there is a reasonable probability that the amount of jail time would have been less, but for counsel's unprofessional performance. *United States v. Conley,* 349 F.3d 837, 842 (5th Cir. 2003).

Lopez has demonstrated no constitutionally deficient conduct on the part of Mr. Merren. He timely filed objections to the content of the PreSentence Report (PSR). *See* Movant's Exhibit E at Addendum, identifying 14 objections to the PSR prepared on November 22, 2005. The report identified Movant's reported involvement in the drug conspiracy. *Id.* at 11-18. In his interview with the probation officer Lopez tried to minimize his involvement as a result of which the probation officer concluded that he should not receive an adjustment to the Offense Level for acceptance of responsibility. *Id.* ¶¶ 81 and 82.

As reflected in the Addendum, the objections contested the accuracy and reliability of the reports regarding the scope of his involvement in the conspiracy and the quantity and quality of drugs for which he was responsible. In response the probation officer concluded that the

information provided by law enforcement was accurate and reliable. At the sentencing hearing the government called Christopher Almaguer as a witness who related that he had received two to three pound quantities of ice from Lopez during 2002. *See* Sentencing Transcript at 21, et seq. Counsel reurged the previously submitted written objections to the PSR. *Id.* at 39-41. However, the court overruled the objections, adopted the findings in the PSR and sentenced Lopez to 292 months imprisonment, the bottom of the punishment range for an offense level of 40. Movant has neither shown that Merren's conduct in the sentencing phase fell below the requirements of the Sixth Amendment, nor has he shown any prejudice attributable to his attorney's representation.

**RECOMMENDATION**:

For the foregoing reasons it is recommended that the District Court deny the motion on the merits.

A copy of this recommendation shall be transmitted to counsel for Movant and for the government.

SIGNED this 9th day of December, 2008.

*[signature: Wm. F. Sanderson, Jr.]*

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (<u>en banc</u>), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a <u>de novo</u> determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain

error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.